UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARILYNN F. MCGLASHAN,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY OF WASHINGTON, and UNIVERSITY OF WASHINGTON DEPARTMENT OF ANETHESIOLOGY AND PAIN MEDICINE,<br><br>Defendants. | Case No. C15-941 RSM<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT |

## I.   INTRODUCTION

This matter comes before the Court on Defendant University of Washington and its Department of Anesthesiology and Pain Medicine (the "UW")'s Motion for Partial Summary Judgment, Dkt. #7. The UW moves for summary judgment dismissal of Plaintiff Marilynn F. McGlashan's claims of breach of the Collective Bargaining Agreement between the UW and her former union, SEIU Local 925 ("CBA"). *Id.* at 1. The UW argues that Ms. McGlashan cannot bring these claims before this Court because she has failed to exhaust the exclusive remedies provided in the CBA. *Id.* at 2. Ms. McGlashan argues that certain communications with SEIU Local 925 (the "Union") show that she did exhaust the CBA's remedies or that a

ORDER GRANTING DEFENDANTS' MOTION
FOR PARTIAL SUMMARY JUDGMENT - 1

question of fact otherwise exists. Dkt. #12 at 6. For the reasons set forth below, the Court GRANTS Defendants' Motion for Partial Summary Judgment.

## II. BACKGROUND

Ms. McGlashan was employed by the UW as a secretary in its Department of Anesthesiology and Pain Medicine from July 7, 2010, to June 22, 2012. Dkt. #8 at 1-2. Her employment was governed by the CBA, which provides a grievance procedure to resolve any claim for violations or misapplications of the CBA. Dkt. #9 at 2. The steps of the grievance procedure are summarized as follows: (1) within thirty calendar days of the occurrence of the action causing the grievance, "the employee and/or steward or Union representative shall present the grievance" to the employee's immediate supervisor or the next higher level of supervision with "a short written description;" (2) the grievance is written on "the authorized grievance form" and referred to the next appropriate level of management and the Office of Labor Relations and another meeting takes place followed by a written response from the UW; (3) with "authorization from the Union" and mutual agreement between the UW and the Union, the grievance enters mediation; (4) either the UW or the Union submits the grievance to binding arbitration. Dkt #9 at 14-15. A grievance may be resolved at any step, and the first step may be skipped under certain conditions. *Id.*

Within the course of her employment, Ms. McGlashan claims that she requested accommodations for her disability and UW denied this request. Dkt. #1 at 4. Ms. McGlashan also claims that as a result of this denial, she sustained injuries. *Id.* Due to alleged performance deficiencies and other problems, Ms. McGlashan was subjected to "formal counseling" in November 2011 and "final counseling" in March 2012. Dkt. #8 at 1-2. Ms. McGlashan, through the Union, filed a grievance regarding the final counseling, claiming it was issued without "just

ORDER GRANTING DEFENDANTS' MOTION
FOR PARTIAL SUMMARY JUDGMENT - 2

cause" under the CBA. Dkt. #7 at 2. On June 22, 2012, while that grievance was still pending, Plaintiff sent the UW a letter stating that "I will be resigning and retiring from the University of Washington effective Friday, June 29, 2012." Dkt. #8 at 4. However, after sending this letter, Ms. McGlashan was apparently still pursuing her grievance. In a letter dated April 1, 2013, the Union informed Ms. McGlashan of its decision not to take her grievance to arbitration. Dkt. # 12-1 at 13. The letter contained Ms. McGlashan's right to appeal the Union's decision. *Id.* There is no indication in the record that Ms. McGlashan appealed the Union's decision.

### III. DISCUSSION

#### A. Legal Standard

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Material facts are those which might affect the outcome of the suit under governing law. *Anderson*, 477 U.S. at 248. In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco*, Inc., 41 F.3d 547, 549 (9th Cir. 1994) (citing *Federal Deposit Ins. Corp. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992)).

The Court must draw all reasonable inferences in favor of the non-moving party. *See O'Melveny & Meyers*, 969 F.2d at 747, *rev'd on other grounds*, 512 U.S. 79 (1994). However, the nonmoving party must make a "sufficient showing on an essential element of her case with respect to which she has the burden of proof" to survive summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Further, "[t]he mere existence of a scintilla of evidence in

support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 251.

**B. Analysis**

An employee has the right to sue his or her employer for breach of a collective bargaining agreement. *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 163 (1983). However, in general, the employee must first "attempt to exhaust any mandatory or exclusive remedy procedures provided in the agreement." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 985-86 (9th Cir. 2007). Washington follows the presumption set forth by the U.S. Supreme Court in *Republic Steel Corp. v. Maddox* that "unless the contract provides otherwise, there can be no doubt that the employee must afford the union the opportunity to act on his behalf." *Minter v. Pierce Transit*, 843 P.2d 1128, 1130 (1993) (citing *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 653 (1965)).

An exception to this exhaustion requirement, known as a "hybrid claim," exists where the employee demonstrates that "the union representing the employee in the grievance/arbitration procedure [has acted] in such a discriminatory, dishonest, arbitrary, or perfunctory fashion as to breach its duty of fair representation…" *Soremekun*, 509 F.3d at 986 (citing *Del Costello*, 462 U.S. at 164). An employee may bring this claim against his or her union, employer, or both. *Id.* at 987. However, the employee must allege a hybrid or fair representation claim in the complaint and may not convert an action into a hybrid claim for the first time in opposition to a summary judgment motion. Id. at 988; *Kabigting v. Group Health Coop.*, 2009 U.S. Dist. LEXIS 87823, *8 (W.D. Wash. Sept. 24, 2009).

In its Motion for Partial Summary Judgment, the UW argues that Ms. McGlashan's CBA claims fail as a matter of law because the CBA's remedy procedure is exclusive and Ms.

ORDER GRANTING DEFENDANTS' MOTION
FOR PARTIAL SUMMARY JUDGMENT - 4

McGlashan did not exhaust this procedure. Dkt. #7 at 4-5. Additionally, the UW argues that Ms. McGlashan does not qualify for the hybrid exclusion because Ms. McGlashan did not join the union in the law suit nor allege that the union breached its duty of fair representation. *Id*. In response, Ms. McGlashan does not refute the UW's claim that the CBA's remedy procedure is exclusive and only argues that she did exhaust the procedure or that a question of fact exists. Dkt. #12 at 5.

Ms. McGlashan did not allege a hybrid or fair representation claim in her complaint. See generally Dkt. #1. Therefore, she does not qualify for the hybrid exception and must show that she exhausted the CBA's remedy procedure prior to bringing suit. In her response, Ms. McGlashan points to two pieces of evidence to show that she exhausted the procedure. First, she points to a March 2, 2013, email she sent to her attorney discussing the steps she had taken to resolve this dispute. Dkt. #12 at 15. Second, she points to an April 1, 2013, letter she received from the Union stating its decision not to arbitrate and explaining her right to "appeal this decision to Local 925's internal arbitration Appeals Committee." Dkt. #12 at 13.

The email indicates that Ms. McGlashan took some of the necessary steps under the CBA. Dkt. #12 at 15. Ms. McGlashan argues that the Union's April 1, 2013, letter completed the final step of the CBA resolution procedure, binding arbitration. *Id.* at 5. However, the letter does not demonstrate such completion because it states, "[y]ou have the right to appeal this decision.... If you wish to do so, please notify me in writing… within five business days of receipt of this letter. If I do not hear from you by then, I will assume you do not wish to appeal, and the matter will be closed." Dkt. #12 at 13. Ms. McGlashan did not appeal the Union's decision not to arbitrate her grievance. From the perspective of the UW, Ms. McGlashan and the Union simply failed to proceed to Step 4 binding arbitration. Consequently, Ms.

ORDER GRANTING DEFENDANTS' MOTION
FOR PARTIAL SUMMARY JUDGMENT - 5

McGlashan failed to exhaust the remedy procedure provided by the CBA. The Court thus finds that Ms. McGlashan's CBA claims fail as a matter of law.

## IV.    CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that:

1) Defendants' Motion for Partial Summary Judgment, Dkt. #7, is GRANTED.
2) Plaintiff's claims for disability discrimination under CBA Articles 2 and 18 are dismissed with prejudice.

DATED this 14th day of January 2016.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE