1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARILYNN F. MCGLASHAN,

Plaintiff,

v.

UNIVERSITY OF WASHINGTON, and
UNIVERSITY OF WASHINGTON
DEPARTMENT OF ANETHESIOLOGY
AND PAIN MEDICINE,

Defendants.

Case No. C15-941RSM

ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT

## I.    INTRODUCTION

This matter comes before the Court on Defendant University of Washington and its Department of Anesthesiology and Pain Medicine (the "UW")'s Motion for Summary Judgment, Dkt. #16. The UW moves for summary judgment dismissal of Plaintiff Marilynn F. McGlashan's remaining Washington Law Against Discrimination ("WLAD") claims on the basis that Ms. McGlashan's accommodation claim is barred by the applicable statute of limitations, and that her constructive discharge claim is invalid because she voluntarily resigned. *Id.* at 7-11. Ms. McGlashan argues that her WLAD claims are not barred by the statute of limitations because the denial of her accommodation request is part of a hostile work

ORDER GRANTING DEFENDANTS' MOTION
FOR PARTIAL SUMMARY JUDGMENT - 1

environment claim, or because the discovery rule should apply. Dkt. #19 at 2-4. Ms. McGlashan also argues that her resignation was not voluntary because she believed that a settlement offer from the UW required her to resign even if she did not accept it. Dkt. #19 at 6. For the reasons set forth below, the Court GRANTS Defendants' Motion for Summary Judgment.

## II.     BACKGROUND

Ms. McGlashan was employed by the UW as a secretary in the Department of Anesthesiology and Pain Medicine in June 2010. Dkt. #8 at 1-2. In August 2010, Plaintiff requested accommodation for more time to learn and understand projects due to her epilepsy. Dkt. #18-1 at 32. Andrea McAuliffe, Plaintiff's immediate supervisor, allegedly denied the request. *Id.* Due to alleged performance deficiencies and other problems, Ms. McGlashan was subject to "formal counseling" in November 2011 and "final counseling" in March 2012. Dkt. #8 at 2.

In or around March 2012, Ms. McGlashan filed a grievance of age discrimination to the University Complaint Investigation and Resolution Office ("UCIRO"). Dkt. #17 at 2. Jessica Rafuse, the Investigation and Resolution Specialist for the UW, investigated the matter and did not discover any supporting evidence for the complaint. *Id.* Despite this, UW provided Ms. McGlashan with a settlement offer, which Ms. McGlashan physically tore up at the UCIRO on June 20, 2012. *Id.*

On March 25, 2012, the Union filed a grievance on behalf of Ms. McGlashan claiming that the final memorandum she received was issued without just cause in violation of the collective bargaining agreement. Dkt # 9 at 2. In their April 1, 2013 letter, the Union informed Ms. McGlashan of its decision not to take the grievance to arbitration. Dkt. #12 at 13. The letter

ORDER GRANTING DEFENDANTS' MOTION
FOR PARTIAL SUMMARY JUDGMENT - 2

1  contained Ms. McGlashan's right to appeal the Union's decision. *Id.* The grievance was closed

2  on June 11, 2012. Dkt. #9 at 2.

3      On June 6, 2012, Ms. McGlashan sent a resignation letter to Kira Thomsen-Cheek,

4  Administrative Specialist of the Anesthesiology & Pain Medicine department, which stated that

5  Ms. McGlashan would "resign and retire" effective as of June 29, 2012. Dkt. # 8 at 4. On June

6

7  22, 2012, Ms. McGlashan called Jerome Moses, Ms. McAuliffe's manager to expedite the

8  effective date to June 22, 2012. *Id.* at 5.

9                    **III.    DISCUSSION**

10

11  **A. Legal Standard**

12      Summary judgment is appropriate where "the movant shows that there is no genuine

13  dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.

14  R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In ruling on

15  summary judgment, a court does not weigh evidence to determine the truth of the matter, but

16
   "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d
17
   547, 549 (9th Cir. 1994) (*citing Federal Deposit Ins. Corp. v. O'Melveny & Meyers*, 969 F.2d
18
19  744, 747 (9th Cir. 1992)). Material facts are those which might affect the outcome of the suit

20  under governing law. *Anderson,* 477 U.S. at 248.

21      The Court must draw all reasonable inferences in favor of the non-moving party. *See*

22  *O'Melveny & Meyers*, 969 F.2d at 747, *rev'd on other grounds*, 512 U.S. 79 (1994). However,

23

24  the nonmoving party must make a "sufficient showing on an essential element of her case with

25  respect to which she has the burden of proof" to survive summary judgment. *Celotex Corp. v.*

26  *Catrett,* 477 U.S. 317, 323 (1986). Further, "[t]he mere existence of a scintilla of evidence in

27

28

ORDER GRANTING DEFENDANTS' MOTION
FOR PARTIAL SUMMARY JUDGMENT - 3

1    support of the plaintiff's position will be insufficient; there must be evidence on which the jury

2    could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 251.

3    **B.  Analysis**

4

5         **1.  The Statute of Limitations**

6         UW argues that Ms. McGlashan's claims based on failure to provide reasonable

7    accommodations are time-barred. Dkt. #16. The parties agree that the statute of limitations for

8    WLAD claims is three-years. Dkt. #16 at 7; Dkt. #19 at 4-5. To determine when the statute of

9    limitations begins to run, courts classify acts of discrimination as either a discrete act of

10   discrimination or retaliation, or as a part of a hostile work environment. *Nat'l R.R. Passenger*

11   *Corp. v. Morgan,* 536 U.S. 101, 111-14 (2002). The statute of limitations begins to run when a

12   discrete act of discrimination or retaliation occurs. *Antonius v. King County*, 103 P.3d 729, 732

13   (Wash. 2004). However, hostile work environment claims only require that one of the acts

14   contributing to such environment occur within the statute of limitations period. *Id.*

15        The parties agree that UW denied Ms. McGlashan's request for accommodation in

16   February 2011. Dkt. #18-1 at 31-32. Ms. McGlashan filed her complaint on June 14, 2015. Dkt.

17   #1. Therefore, if Ms. McGlashan's accommodation request is considered a discrete act, her

18   claim is time-barred. Ms. McGlashan argues that the statute of limitations has not run for her

19   accommodation claim because it is part of a hostile work environment or because the discovery

20   rule should apply. Dkt. #19 at 4-9. Ms. McGlashan's arguments fail as a matter of law.

21             **a.  Hostile Work Environment**

22        "[A] hostile work environment claim is composed of a series of separate acts that

23   collectively constitute one unlawful employment practice." *Morgan*, 536 U.S. at 115. A

24   plaintiff  in a disability-based hostile work environment case has the burden to show that (1) he

25   or she was disabled within the meaning of the antidiscrimination statute, (2)  the harassment

26   was unwelcome, (3) it was because of the disability, (4) it affected the terms or conditions of

27   employment, and (5) it was imputable to the employer. *Robel v. Roundup Corp.*, 59 P.3d 611,

28

ORDER GRANTING DEFENDANTS' MOTION
FOR PARTIAL SUMMARY JUDGMENT - 4

616 (Wash. 2002). The third element "requires that the [disability] of the plaintiff-employee be the motivating factor for the unlawful discrimination." *Id.* at 617 (citing *Glasgow v. Georgia-Pacific Corp.*, 693 P.2d 708, 712 (Wash. 1985)). This element thus requires a nexus between the specific harassing conduct and the particular injury or disability. *Id.* Washington courts have found sex-based hostile work environment claims instructive. *Id.* at 616. For such claims, the nexus requirement asks "would the employee have been singled out and caused to suffer the harassment if the employee had been of a different sex?" *Glasgow*, 693 P.2d at 712. Similarly, the question to be asked is whether Ms. McGlashan would have been singled out and caused to suffer the alleged harassment if she did not have epilepsy.

Ms. McGlashan alleges that she was subjected to "derogatory treatment, insult, and condescension from Ms. McAuliffe on a regular basis." Dkt. #19 at 5. To show this, Ms. McGlashan only points to her unsigned affidavit, which the Court will give no weight.[1] *Id.* However, even if Ms. McGlashan's Affidavit were to be considered by the Court, it provides no evidence to show that she would have been treated differently had she not suffered from seizures. *See generally* Dkt. #20. None of the cited correspondence between Ms. McGlashan and Ms. McAuliffe reference Ms. McGlashan's disability. *See generally* Dkt. #20-2, Dkt. #20-3. Instead, each email references a specific work-related problem. *See e.g.* Dkt. #20-3 at 2 ("This is really concerning to me that you are not able to translate the discussions of this project into your "SOP"s and cannot assimilate discussions with your notes."); Dkt. #20-2 at 7 ("I feel that you may have complicated this request unnecessarily and would like to discuss further on Monday at our 1:1 meeting."); Dkt. #20-2 at 10 ("If you are not able to maintain improved performance on semi-complex and complex projects with these action items… I will move forward with the... Corrective Action…"). Even the Union's grievance submitted on behalf of Ms. McGlashan does not mention her disability and instead states that "the items on both the formal and final action plan are differences in 'style.' Andrea does not like Marilyn's style."

---

[1] The affidavit of Plaintiff, Marilynn F. McGlashan, is not signed, nor sworn, nor does it contain the penalty of perjury language required in order to be admissible as a declaration. *See* Dkt. #20 at 5.

ORDER GRANTING DEFENDANTS' MOTION
FOR PARTIAL SUMMARY JUDGMENT - 5

Dkt. #20-3 at 23. Critiques of work styles and products are not sufficient to establish the required nexus. Ms. McGlashan has failed to establish a prima facie case for a disability-based hostile work environment.

### b. Discovery Rule

The discovery rule provides that a cause of action does not accrue until the plaintiff knows, or in the exercise of due diligence should have known, the factual bases of the cause of action. *Allen v. State,* 826 P.2d 200, 203 (Wash. 1992). Courts apply the discovery rule in two categories of cases. *Crisman v. Crisman,* 931 P.2d 163, 166 (Wash. Ct. App. 1997). First, courts apply this rule in cases where the defendant fraudulently conceals a material fact from the plaintiff and thereby deprives the plaintiff from learning the factual elements of the cause of action. *Id.* Second, courts apply this rule in cases where the nature of the plaintiff's injury makes it extremely difficult, if not impossible, for the plaintiff to learn the factual elements of the cause of action within the statute of limitations. *Id.* The discovery rule does not apply to hostile work environment claims in Washington. *Antonius v. King County*, 103 P.3d 729, 736-37 (Wash. 2004).

Ms. McGlashan argues that the court should apply the discovery rule to her failure to accommodate claim because "she did not become cognizant that Ms. McAuliffe's refusal to provide her accommodation was discrimination until she met with counsel." Dkt. #19 at 9. Ms. McGlashan does not provide any legal authority for this court to apply the discovery rule to WLAD claims. *See* Dkt. #19 at 8-9. Additionally, Ms. McGlashan argues for a misapplication of the rule. The discovery rule applies where the plaintiff, despite the exercise of due diligence, does not know the *factual* bases of a cause of action. *See Allen*, 826 P.2d at 203. Ms. McGlashan provides that Ms. McAuliffe denied her request for accommodations in February 2011. Dkt. #18 at 32. Therefore, she was made aware of the factual basis of her claim in February 2011.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### 2.   Ms. McGlashan's Resignation

A constructive discharge is an involuntary or coerced resignation and is the equivalent to a discharge. *Bulaich v. At&T Info. Sys.*, 778 P.2d 1031, 1033-1034 (Wash. 1989). Resignations are presumed to be voluntary and the burden is on the employee to rebut the presumption. *Molsness v. City of Walla Walla,* 928 P.2d 1108, 1110 (Wash. Ct. App. 1996). In order to rebut the presumption, the employee must show that (1) the employer deliberately made the working conditions intolerable, (2) a reasonable person would be forced to resign, (3) the employee resigned solely because of the intolerable conditions, and (4) the employee suffered damages. *French v. Providence Everett Med. Ctr.*, 2008 U.S. Dist. LEXIS 80125, *19 (W.D. Wash. Sept. 8, 2008) (internal quotation omitted). The standard is objective, and an employee's subjective belief that he or she had no choice but to resign is irrelevant. *Molsness*, 928 P.2d at 1110. Washington courts will uphold the voluntariness of resignations where the resignations are submitted to avoid threatened termination for cause. *Id.* at 1108. However, "the threatened termination must be for good cause in order to precipitate a binding, voluntary resignation." *Id.*

Ms. McGlashan provides the following reasons to explain her resignation. First, she argues that she resigned because she thought the settlement offer required her to even if she did not accept the offer. Dkt. #18 at 19. Due to this perception, she argues she was "under duress." Dkt. #19 at 7. With regard to Ms. McGlashan's perceived threat of termination, Ms. McGlashan argues that UW cannot "substantiate good cause for termination, and [was] not acting in good faith." *Id.* This argument is problematic because it disregards the objective reasonable person standard. There is no objective indication that Ms. McGlashan was threatened with termination. The settlement offer required her to resign only if she took the offer, which inherently provides her with a choice "to stand pat and fight." *See Molsness,* 928 P.2d at 1110.

Second, Ms. McGlashan argues that Ms. McAuliffe "deliberately made the conditions intolerable for her." Dkt. #19 at 13. However, Ms. McGlashan fails to provide evidence of

ORDER GRANTING DEFENDANTS' MOTION
FOR PARTIAL SUMMARY JUDGMENT - 7

conditions so intolerable as to make a reasonable person feel forced to resign. In fact, Ms. McGlashan provides evidence of the contrary by conceding that "[h]ad [she] not resigned, [she] would have fought (via SEIU925) to stay on, try to perform as requested..." Dkt. #18 at 33. This indicates that the conditions created by Ms. McAuliffe were not the sole reason for Ms. McGlashan's resignation; it does not create a question of fact as to whether they were so intolerable as to force a reasonable person resign. The Court finds that Ms. McGlashan has not met her burden to rebut the voluntariness of her resignation.

## IV.   CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that:

1) Defendants' Motion for Summary Judgment, Dkt. #16, is GRANTED.

2) Plaintiff's WLAD claims are dismissed with prejudice.

3) This case is CLOSED.


DATED this 11th day of February 2016.



RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING DEFENDANTS' MOTION
FOR PARTIAL SUMMARY JUDGMENT - 8